Tom Togs, Inc. v. Ben Elias Industries Corp.

TOM TOGS, INC. v. BEN ELIAS INDUSTRIES CORP.

No. 8510SC21

(Filed 17 September 1985)

Process § 14.2— out-of-state defendant—insufficient minimum contacts with North Carolina

There were insufficient minimum contacts between the out-of-state defendant and the State of North Carolina to satisfy constitutional requirements of due process where the record revealed only that defendant's agent visited a showroom in New York, viewed samples, and completed a purchase order for a quantity of the North Carolina plaintiff's merchandise based on those samples. There was no evidence of another contract between plaintiff and defendant, that defendant was ever a party to another contract entered into or to be performed in North Carolina, that defendant maintained an office or employed agents within North Carolina, that any of defendant's employees or agents ever set foot within North Carolina, that defendant has ever advertised or solicited business within North Carolina, or that defendant was licensed with the Secretary of State to conduct business in North Carolina. The fact that defendant intended to send its personal labels to plaintiff for use in the shirts was not in itself enough basis for defendant to anticipate a North Carolina lawsuit. G.S. 55-145.

APPEAL by defendant from *Lee, Judge.* Order entered 19 October 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 26 August 1985.

This is a civil action wherein plaintiff, a North Carolina corporation, seeks to recover $32,789.98 allegedly owed by defendant, a New Jersey corporation with its principal place of business in New York. Defendant filed a motion to dismiss for lack of jurisdiction. The motion was denied, and defendant appealed.

*Johnson, Gamble, Hearn & Vinegar, by Richard J. Vinegar, for plaintiff, appellee.*

*Smith, Debnam, Hibbert & Pahl, by Bettie Kelley Sousa, for defendant, appellant.*

HEDRICK, Chief Judge.

The underlying contract in this case involved the purchase of shirts by defendant distributor from plaintiff manufacturer. In November 1983, one of defendant's agents visited the New York showroom of Mr. Neal Schulman, an independent sales represent-

ative who represented several manufacturing companies, including plaintiff's, and discussed the purchase of a quantity of plaintiff's shirts. A purchase order on defendant's letterhead was completed and given to Mr. Schulman, who forwarded it to plaintiff's headquarters in North Carolina, since he had no authority to approve it himself. The purchase order indicated that defendant intended to send its personal labels to plaintiff for use in the shirts. Plaintiff accepted the purchase order, made the shirts in North Carolina, and shipped them to New York. Thereafter a dispute arose, and plaintiff sued to recover the purchase price less the amount it had recovered by resale.

The sole issue with which we are presented is whether the facts of this case reveal sufficient minimum contacts between defendant and the State of North Carolina to satisfy Constitutional requirements of due process.

Our Supreme Court has cited three essential requirements which must be met when making a due process determination:

> (1) The form of substituted service adopted by the forum state must give reasonable assurance that notice to defendant will be actual; (2) there must be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, invoking the benefits and protection of its law; and (3) the Legislature of the forum state must have given authority to its courts to entertain litigation against a foreign corporation to the extent permitted by the due process requirement.

*Goldman v. Parkland*, 277 N.C. 223, 229, 176 S.E. 2d 784, 788 (1970), citing *Byham v. House Corp.*, 265 N.C. 50, 143 S.E. 2d 225 (1965). Here, the first requirement is not in dispute.

The third requirement is also satisfied since defendant readily admits the applicability of our long arm statute, G.S. 55-145. The essential determination in the present case is whether the defendant has engaged in some act by which he has purposefully availed himself of the privilege of conducting business in North Carolina, thus invoking the benefits and protection of the laws of this State. Our Supreme Court has recently elaborated on this requirement by stating that it is "crucial to due process analysis . . . 'that the defendant's conduct and connection with the forum

State are such that he should reasonably anticipate being haled into court there.'" *Miller v. Kite*, 313 N.C. 474, - - -, 329 S.E. 2d 663, 665 (1985), *quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed. 2d 490, 501 (1980). We believe the evidence does not support such a finding in this case.

The record reveals no evidence of another contract between plaintiff and defendant, nor is there any evidence that defendant was ever a party to another contract entered into or to be performed in North Carolina. There is nothing in the record to suggest that defendant maintained an office or employed agents within this State, or even that any of defendant's employees or agents ever set foot within North Carolina. The record does not disclose any evidence that defendant has ever advertised or solicited business within this State, nor was it shown that defendant corporation was licensed with the Secretary of State to conduct business in North Carolina. The record reveals instead only that defendant's agent visited a showroom in New York, viewed samples, and completed a purchase order for a quantity of merchandise based on those samples. The intended use of defendant's personal labels in the shirts, one of the points emphasized by plaintiff in its brief, is not in itself enough basis for defendant to anticipate a North Carolina lawsuit. We find plaintiff's other allegations of minimum contacts between defendant and North Carolina equally unpersuasive.

Accordingly, we hold that there are insufficient contacts between defendant and North Carolina to satisfy the Constitutional requirements of due process, and the order of the trial court denying defendant's motion to dismiss is reversed.

Reversed.

Judges ARNOLD and COZORT concur.